IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>  Plaintiff,<br><br>vs.<br><br>Nilson Nabil Larach-Barahona,<br><br>  Defendant. | 20-MJ-4786M-LAB<br><br>ORDER AND FINDINGS OF FACT IN SUPPORT OF EXTENSION OF TIME TO INDICT |

The Court having reviewed the Government's First Motion to Extend Time to Indict,

1. Pursuant to D. Ariz. General Orders 20-12, 20-20, 20-26, and 20-27 all grand jury proceedings have been suspended in the District of Arizona since March 16, 2020.
2. The last day and time that a grand jury was in session in the District of Arizona was March 11, 2020 at 3:19 p.m.
3. General Order 20-27 (issued June 17, 2020) has extended the suspension of grand jury proceedings until further order of the Court.
4. Due to the effect of the public health recommendations on the ability of grand jurors and counsel to be present in the courtroom in light of the recent outbreak of Coronavirus Disease 2019 (COVID-19) and the well-documented concerns surrounding this virus, the time period for presentment to the grand jury in this case will need to be extended further. Fed. R. Crim. P. 6(a)(1) requires a grand jury to have between 16 and 23 members. On June 12, 2020, the CDC issued guidance for protocols that should be implemented to mitigate the spread of COVID-19 in public gatherings. General Order 20-27 recognizes the need for such protocols to be in

place before grand jury proceedings can safely resume in the District of Arizona. Pursuant to General Orders 20-12, 20-20, 20-26, and 20-27, the grand jury will not be in session again in the District of Arizona until further order of the Court. Therefore, the time for presentment of this case to the grand jury will be extended for an additional 60 days. This 60-day period shall be excluded under the Speedy Trial Act. The Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). In addition, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iii), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances, during which it is unreasonable to expect return and filing of the indictment within the time period specified in § 3161(b).

Dated this 28th day of August, 2020.

*Leslie A. Bowman*
Honorable Leslie A. Bowman
United States Magistrate Judge